# EXHIBIT A

Laura Each, SBN 203141
EACH LEGAL, PC
2629 Townsgate Road, Suite 235
Westlake Village, CA 91361
Telephone:   (818) 665-4083
Email: laura@eachlegal.com

Attorney for Plaintiff
PATRICK DUPUIS

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/11/2025 2:16 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| PATRICK DUPUIS, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>BLUEPRINT GLOBAL USA, LLC a limited liability company; MARK STORY, an individual; CHRIS STAVREFF, an individual; and DOES 1 though 25, inclusive.<br><br>Defendants. | Case No.: 25STCV06907<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **QUANTUM MERUIT;**<br>3. **VIOLATION OF LABOR CODE SECTION 204;**<br>4. **FAILURE TO PAY WAGES AND WAITING TIME PENALTIES/ VIOLATION OF LABOR CODE SECTION 203;**<br>5. **VIOLATION OF LABOR CODE SECTION 226** |

Plaintiff PATRICK DUPUIS (hereinafter referred to as "DUPUIS"), for causes of action against defendants and each of them alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff PATRICK DUPUIS is an individual currently residing in the County of Pima, State of Arizona.

1

**COMPLAINT FOR DAMAGES**

2.   Plaintiff is informed and believes, and thereupon alleges, that defendant BLUEPRINT GLOBAL USA LLC, is a limited liability company organized by virtue of the laws of the State of Texas, with its principal place of business in Spring, Texas (hereinafter referred to as "BLUEPRINT" or "Defendant").  DUPUIS is informed and believes and thereon alleges that at all times herein mentioned, Defendant BLUEPRINT is a business entity not authorized to do business in the State of California, but nevertheless doing business in the State of California.  Defendant BLUEPRINT Global is a transportation broker that arranges for the transportation of cargo throughout the world.

3.   Plaintiff is informed and believes, and based thereon alleges that Defendant Mark Story, is an individual and member of BLUEPRINT.  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned, Defendant Mark Story is a resident of the State of Texas.  Plaintiff is further informed and believes and based thereon alleges that Defendant Mark Story specifically authorized all activities alleged herein of BLUEPRINT.

4.   Plaintiff is informed and believes, and based thereon alleges that Defendant CHRIS STAVREFF, is an individual and member of BLUEPRINT.  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned, Defendant CHRIS STAVREFF is a resident of the Country of Australia.  Plaintiff is further informed and believes and based thereon alleges that Defendant Chris STAVREFF specifically authorized all activities alleged herein of BLUEPRINT.

5.   The true names and capacities, whether individual, corporate, associate or otherwise of the defendants named herein as DOES 1 through 25, inclusive, and each and all of them are unknown to DUPUIS at this time, and DUPUIS therefore sues said defendants and each and all of them, by such fictitious names, and DUPUIS will advise this Court and seek leave to amend this Complaint when the names and capacities of each such defendant have been ascertained.  DUPUIS is informed and believes, and thereupon alleges that each said defendant herein designated as a DOE defendant is responsible in some manner for the events and happenings herein referred to, or as hereinafter alleged.

6.   DUPUIS is informed and believes and thereupon alleges, that at all times herein mentioned, each and every defendant, including DOES 1 through 25, inclusive, and each of them,

**COMPLAINT FOR DAMAGES**

was, were, and yet are the agents or employees of the other named defendants and each of them, that in so doing the things herein alleged said defendants, and each and all of them, were acting in within the course and scope of the authority conferred by, and with the consent of, each other defendant, and all of them jointly.

7. Furthermore, Plaintiff is informed and believes and based thereon alleges that Defendants Mark Story and Chris STAVREFF, DOES 1 through 25 were the agents, subsidiary, alter ego, and/or subsidiary of Defendant BLUEPRINT. Plaintiff is further informed and believes and based thereon alleges that Defendants Does 1 through 25, are shareholders of Defendants Mark Story and Chris STAVREFF influenced and governed Defendant BLUEPRINT at all relevant times.

## FACTUAL ALLEGATIONS

8. On or about June 2021, Patrick Dupuis was hired by BluePrint Global to manage all of their Los Angeles operations. Patrick Dupuis is a transportation professional with more than 30 years of experience at that point in time. The agreement between BluePrint Global and Mr. Dupuis was memorialized in a "Consulting Agreement" with essential terms being as follows:

   a. Compensation:

      i. Salary $152,000

      ii. Commission: 25% Net Office Margin as defined as Total Sales less cost of goods sold and all office overhead expenses. Commission was to be quarterly.

   b. Role & Performance

      i. Mr. Dupuis was to have the title of Director of the Los Angeles office with responsibilities that included as follows:

         1. Lauching the Long Beach branch;

         2. Managing sales, operations and profit & loss;

**COMPLAINT FOR DAMAGES**

       3. Developing new business;

       4. Overseeing Los Angeles staff;

9. In performance of this role, Mr. Dupuis successfully grew the business and generated substantial revenue. However, Blueprint Global has failed to pay all commissions owed.

10. In or about 2021, Dupuis began work for BluePrint and BluePrint paid his annual salary without any deduction or checkstub on a monthly basis. However, BluePrint did not pay commissions on a quarterly basis or any other basis, in direct breach of the agreement as well California Labor Code section 204 et seq..

11. On or about 2022, a co-worker of Dupuis filed a claim with the California Department of Labor alleging that she was owed commissions. Thereafter, she received a judgment in his favor and BluePrint Global paid said judgment. After she received that judgment, they also made the following partial payments of commissions to Dupuis:

  a. March 29, 2022: $40,000

  b. June 7, 2022: $76,880.72

  c. November 2, 2022: $54,951.334

  d. June 6, 2023: $20,000

12. BluePrint did not provide any calculation for the commission payments or explanation as to how those numbers were reached.

13. Defendant purposely misclassified Plaintiff as an independent contractor despite the fact that he was an employee pursuant to California law in that Dupuis' work was central to the operations of BluePrint's office; BluePrint provided all of the tools and instrumentalities of the work; and BluePrint controlled all of the operations of the work.

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### Breach of Contract

### As against All Defendants

14.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

15.  Plaintiff and Defendants entered into a written agreement for the provision of services by Plaintiff to Defendant. A true and correct copy of said agreement is attached hereto and incorporated by reference.

16.  The terms of the agreement included the following:

   a.  Plaintiff was to be paid an annual salary of $152,000 by defendant and was to also to receive a commission of 25% Net Office Margin as defined as Total Sales less cost of goods sold and all office overhead expenses. Commission was to be quarterly. Plaintiff was to perform the following services for Defendant: Lauching the Long Beach branch; Managing sales, operations and profit & loss; Developing new business; Overseeing Los Angeles staff;

17.  Plaintiff performed all of the services required of him under the Agreement;

18.  Plaintiff performed all others conditions, covenants and promises required of it under the parties' agreement or was excused from performing said obligations;

19.  Defendant has failed and continues to refuse to comply with the terms and conditions of the Agreement by paying all amounts due under the agreement.

20.  Plaintiff has been damaged by an amount to be proven at time of trial but at least $500,000, plus attorneys' fees, costs, and waiting time penalties

5

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### [Quantum Meruit]

### (Against All Defendants)

21. Plaintiff realleges and incorporates by reference each and every allegation continued in the preceding paragraphs as though fully set forth herein.

1. Within the last two years, at Los Angeles County, California, defendants BLUEPRINT and DOES 1 through 25, inclusive, and each of them became indebted to PLAINTIFF for in the amount of more than $500,000 for services rendered by DUPUIS, to said defendants, and each of them, at the special request and instance of said defendants, and each of them, and no other.

2. Pursuant to defendants' special requests, DUPUIS performed the services as requested and managed the operations of the Defendants' Los Angeles Office per defendants' instructions. Defendants failure to pay for services rendered was knowing and intentional.

3. As a proximate result of defendants willful, knowing and intentional failure to pay all wages due for services rendered, Plaintiff has been damaged.

4. Plaintiff has incurred and continues to incur legal expenses and attorneys fees.

**5.** Neither the whole nor any part of the above sum has been paid, although demand therefore has been made, and there is now due, owing and unpaid from said defendants, and each of them, to DUPUIS the sum of $500,000.

## THIRD CAUSE OF ACTION

### [Violation of Labor Code section 204]

### (Against All Defendants)

22. Plaintiff realleges and incorporates by reference each and every allegation continued in the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES

23. Plaintiff is informed and believes and based thereon alleges that from 2021 to present, Labor Code section 204 applied to defendants' employment of plaintiff. At all relevant times hereto, Labor Code section 204 provided that all wages earned by any employee such as plaintiff, in any employment between the 1st and the 15th days, inclusive, of any calendar month other than those wages due upon termination of any employee are due and payable between the 16th and the 26th of the month during which the work was performed. Furthermore, at all relevant times hereto, Labor Code section 204 provided that all wages earned by any employee, such as Plaintiff, in any employment between the 16th and the last day of any calendar month, other than those wages due upon termination of an employee are due and payable between the 1st and the 10th day of the following month.

24. From 2021 through Plaintiff's termination, defendants failed to plaintiff for wages earned, specifically, they failed to pay commissions actually earned. Specifically, and without limitation, Plaintiff is informed and believes and based thereon alleges that defendants failed to pay plaintiff for all commissions due and owing intentionally. Defendant further failed to provide a written statement of the calculation of commissions.

25. From 2021 through Plaintiff's termination, defendants failed to pay plaintiff for wages earned and therefore violated Labor Code section 204. Accordingly, PLAINTIFF is entitled to recover all damages, penalties sand other remedies available for violation of Labor Code section 204.

26. Pursuant to Labor Code Section 210, Plaintiff is entitled to a penalty in the amount of one hundred dollars ($100) for each failure to pay each employee and for each subsequent violation or any willful or intentional violation the penalty is two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount of wages unlawfully withheld.

## FOURTH CAUSE OF ACTION

**[Failure to Pay Wages and Waiting Time Penalties under Cal. Labor Code section 203]**

**COMPLAINT FOR DAMAGES**

**(Against All Defendants)**

27. Plaintiff realleges and incorporates by reference each and every allegation continued in the preceding paragraphs as though fully set forth herein.

28. California Labor Code Section 201 provides in relevant part: "[i]f an employer discharges an employee, the wages, earned and unpaid at the time of discharge are due and payable immediately.

29. California Labor Code Section 202 provides in relevant part "[i]f an employee not having a written contract for a definite period quits his or his employment, his or his wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his intention to quit, in which case the employee is entitled to his or his wages at the time of quitting."

30. As alleged herein Defendants failed to pay wages of Plaintiff who is a former employee of defendants at the time they became due and payable. Thus defendants violated Labor Code sections 201 and 202.

31. Defendants failure to pay wages as alleged herein was willful as Defendants knew that plaintiff did not receive all earned pay based on at least the following: (1) defendants have records of the hours that plaintiff worked and the meal and/or rest periods plaintiff missed; and (2) these records reflected that plaintiff was not paid an hour of wages for each duty-free meal and/or rest period that was not provided as required by Labor Code Section 226.7 and the applicable Wage Orders, including but not limited to Wage Order 1 and/or Wage Order 9, and was not paid for overtime worked. As a result of Defendants' unlawful acts, plaintiff who is a former employee of defendants, or any of them, are entitled to recover, pursuant to California Labor Code Section 203, continuing

wages as a penalty from the due date thereof at the same rate until paid or this action was commenced, but no more than thirty (30) days.

## FIFTH CAUSE OF ACTION

### [Penalties Pursuant To Labor Code Section 226]

### (Against All Defendants)

32. Plaintiff realleges and incorporates by reference each and every allegation continued in the preceding paragraphs as though fully set forth herein.

33. Pursuant to California Labor Code section 226(a), on a semi monthly basis or at the time of the payment of wages, Defendants were required to furnish each of their employees with an accurate itemized statement in writing showing, inter alia, the gross wages earned and the net wages earned.

34. During the pertinent times starting 2021 and continuing thereafter, for each of Defendants failed to provide Plaintiff with an accurate itemized wage statement, showing the gross wages earned and the net wages earned throughout his employ up to and including June 2024.

35. Pursuant to California Labor Code Section 226(e), employees, such as plaintiff who suffer injury as a result of a knowing and intentional failure by an employer to comply with the provisions of California Labor Code Section 226 are entitled to recover the greater of all actual damages or fifty ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and are entitled to costs and reasonable attorneys' fees.

36. Defendants knowingly and intentionally failed to provide to Plaintiff accurate itemized statements, in compliance with California Labor Code Section 226(a) and did so in order to conceal their liability from Plaintiff.

37. Civil Code section 3294(a) provides for punitive damages for any plaintiff who established that a defendant has been guilty of malice, oppression, or fraud in an action for the breach of an obligation not arising from contract. Plaintiff is informed and believes, and based thereon

**COMPLAINT FOR DAMAGES**

alleges, that in doing, ordering, authorizing, approving and ratifying the acts, policies, and practices alleged herein. Defendants have acted in conscious and intentional disregard for the economic rights of plaintiff, as well as the health and welfare of plaintiff. In so doing, Defendants acted with malice, oppression, or fraud as such terms are defined in Civil Code section 3294, in that they engaged in despicable conduct carried out with a willful and conscious disregard for the rights of others Plaintiff is informed and believe and thereon allege that the officers, directors or managing agents of Defendant BLUEPRINT had advance knowledge of the unfitness of BLUEPRINT employees who committed these acts and employed them with conscious disregard of the rights and/or safety of others or authorized and ratified the wrongful conduct or that the malice, fraud, or oppression was on the part of a BLUEPRINT officer, director, or managing agent. The promulgation and enforcement of the malicious and oppressive workplace policies described hereinabove entitle plaintiff to recover punitive and exemplary damages against defendant in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of defendants. Plaintiff is informed and believes and based thereon alleged that defendants, by and through their corporate officers, directors, and managing agents ordered, authorized, approved and/or ratified the conduct herein alleged and with intent to deprive Plaintiff of wages and other benefits to which they were and are entitled under California law, so as to increase defendant's profits, notwithstanding clear statutory obligations concerning the payment of wages, including commissions and provision of wage statements, including obligations that carry criminal penalties under Labor Code Section 1199.

## PRAYER FOR RELIEF

## ON ALL CAUSES OF ACTIONS

1.  For damages in the sum of $ 500,000 and more, according to proof.
2.  For punitive damages according to proof;
3.  For prejudgment interest on said sum at the maximum legal rate;
4.  For reasonable attorneys' fees;
5.  For waiting time penalties

6. For costs of suit incurred by DUPUIS herein; and

7. For such other and further relief as this court may deem just and proper.

Dated: March 10, 2025

*Laura D. Each*

Laura Each
Attorney for Plaintiff
PATRICK DUPUIS



Subject: Consulting Agreement

Date: June 1, 2021

Attention: Pat Dupuis

Start Date: June X, 2021

Blueprint Global Australia / Blueprint Global USA, LLC (The Company) is pleased to offer this consulting agreement to Pat Dupuis - Step 42 International LLC with the understanding that this is not an employment contract. Texas is an at will state and either party can terminate this agreement at any time with due cause. Should separation happen, all proprietary information, equipment and trade secrets shall stay or be returned to The Company

This offer is being made to Pat Dupuis to become our Director of LAX Office. You will be charged with managing, operating and selling our complete logistics capabilities and setting sales budgets and goals. Furthermore, your responsibility will also include, but not limited to:

1. Co-managing this office with Diane Thorne
2. Setting up this new LAX office
3. Responsible for the LAX office P&L
4. Developing new business and growing the business
5. Managing all LAX staff members

For these services, The Company will offer to pay Consulting Fees + Commission per year in gross dollars, basis a minimum of a 40 hours work week, pro-rated monthly and paid directly to Step 42 International LLC. All required taxes and elected benefits shall be the responsibility of Step 42 International LLC. Your direct report to person shall be Mark Story – President and Chris Stavreff – CEO.

The Company shall reimburse normal business expense on a monthly basis with approval of, Chris Stavreff or Mark Story. The company will provide all necessary office equipment and software the site will need to run the business. Business Cards will be produced and provided.

Health and Medical benefits will not be offered by the Company.

Pat, in this role, you will be considered part of the executive team for corporation. Compensation Plan:

- Consulting Fee: $152,000.00 per year paid monthly upon presentation of invoice by Step 42 International LLC
- Commission – 25% of net Office margin. Net Margin is defined as Total Sales less COGS less all office overhead expense. Company will pay out quarterly.

As this is a new endeavor, we as the Company understand that the first 60 days will be challenging. The need for speed and accuracy is paramount. The Company will extend all efforts to ensure success. The company will utilize all documents that Pat Dupuis has presented over the past 2 weeks as the official starting point.

- Proforma P&L's
- Account list
- Compensation spreadsheet

As discussed in respect to an exit strategy, Company and Pat Dupuis will set this figure at time of retirement and base the renumeration on company's profitability. The amount will not be less than $10,000.00 per month. This is based on May 2021 Proforma P&L.

Company shall recognize all major USA holidays as paid days and will grant 3 weeks (15 business days) vacation and 5 days Personal Time Off (PTO) per year. Extenuating circumstances, tenure and history will be taken into consideration for additional days.

*Contract* [handwritten margin note]

~~Employee~~, Pat Dupuis, will strive to improve the business, gain greater revenue/profit, promote our brand in a positive way and help to create a peaceful work environment.

_[signature]_   6-3-2021
Consultant – Pat Dupuis    Date

_[signature]_   6-7-21
Mark Story – President Blueprint Global USA, LLC    Date

_Chris Stavreff_   6-7-2021
Chris Stavreff – CEO Blueprint Global PTY Australia    Date